# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL DOCKET NO.: 3:96CR134

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| TYRONE SIFFORD (1), ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's *pro se* "Motion Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure," filed October 17, 2005.

On February 13, 1997, a jury found Defendant Sifford ("Defendant") guilty of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), and conspiracy to use and carry a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c), (n). On June 30, 1997, Defendant was sentenced to life imprisonment on Count One and 240 months imprisonment on Count Four, to run concurrently with Count One. Defendant appealed his conviction and on January 13, 2000, the United States Court of Appeals for the Fourth Circuit affirmed Defendant's conviction and sentence. Subsequently, on May 16, 2000, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, which the Court dismissed in an Order dated November 26, 2001. Defendant appealed this denial to the Fourth Circuit, and, on September 25, 2002, the Fourth Circuit Court of Appeals issued its Mandate, affirming the dismissal of Defendant's Section 2255 Motion.

Defendant now argues that by redacting the Bill of Indictment prior to submitting the case

1

to the jury for deliberations, the Court constructively amended the Indictment in violation of Defendant's constitutional rights. Specifically, Defendant maintains that the Court's finding that there was no evidence at trial to support the overt act alleged in Count Four and its deletion of that portion from the Indictment rendered the entire Indictment void and created actual prejudice to Defendant.

First, the Court finds that Defendant is improperly attempting to bring this Motion pursuant to the Federal Rules of *Civil* Procedure, which are inapplicable to a criminal matter. Nonetheless, the Court will still examine Defendant's allegations.

Second, "due process is not offended when an amendment 'drop[s] from an indictment those allegations that are unnecessary to an offense that is clearly contained within it. . . ." *United States v. Byram*, 73 Fed. Appx. 586, 587, 2003 WL 21995320 at * 2 (4th Cir. 2003) (quoting *United States v. Miller*, 471 U.S. 130, 144, 105 S. Ct. 1811, 85 L. Ed. 2d 99 (1985)). Amendments to indictments only implicate federal constitutional rights where the amendment actually changes the offense charged. *Byram*, 73 Fed. Appx. at 587 (citing *Stirone v. United States*, 361 U.S. 212, 217, 80 S. Ct. 270, 4 L. Ed. 2d 252 (1960)).

In the instant case, Defendant contends that he was charged in Counts One and Four with the same overt act, but the Court concluded that the overt act alleged in Count Four was not supported by the evidence and, therefore, redacted the Indictment prior to submitting it to the jury. (Def. Mot. Pursuant to Rule 60(b)). Defendant argues that in redacting the Indictment, the Court rendered the entire Indictment void and suggests that such "constructive amendment" to the Indictment may have influenced the jury's conviction.

"For a constructive amendment to have occurred . . . the government's presentation at

trial, must expose defendant to *criminal* 'charges that are not made in the indictment against him.'" *United States v. Sampson*, 140 F.3d 585, 589 (4th Cir. 1998) (quoting *United States v. Floresca*, 38 F.3d 706, 111 (4th Cir. 1994)). In the instant case, the Court concludes that even if redacting the Indictment constituted a "constructive amendment," this amendment did not expose Defendant to additional criminal charges. Moreover, such amendment did not change the offense charged, nor impermissibly broaden the bases for conviction beyond those presented to the grand jury. *United States v. Sampson*, 140 F.3d 585, 589-90 (4th Cir. 1998).

Moreover, it appears that Defendant's Motion is thinly disguised to bring a successive motion to vacate his sentence or conviction under Section 2255 without advance permission from the Fourth Circuit Court of Appeals. As such, it will be denied.

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure," is hereby **DENIED**.

Signed: August 3, 2006

Richard L. Voorhees
United States District Judge